**EXHIBIT 116**

**Plaintiff's Exhibit 116**

**Tom E. Hinkley v. Gerald K. Johnson et al.**

**U.S. District Court for the District of Utah**

**Central Division**

**Case No. [to be assigned]**

**Exhibit 116: Vexatious Litigant Order (April 21, 2026)**

**Dated: May 21, 2026**

**The Order of the Court is stated below:**
**Dated:** April 21, 2026 08:06:39 AM
/s/ KARA PETTIT
District Court Judge

THIRD JUDICIAL DISTRICT - SALT LAKE COUNTY DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE TRUST OF<br><br>MARIAN JEAN HINKLEY | RULING<br>FINDINGS AND ORDER DECLARING TOM HINKLEY A VEXATIOUS LITIGANT<br><br>Case No: 053901287<br>Judge: KARA PETTIT<br>Date: April 21, 2026 |

Before the court is Petitioners' Motion for UT R Civ P 83 Relief (Rule 83 Motion) filed and served upon Tom Hinkley on 12/24/25, with Exhibit 1 as Amended, filed and served on him on 12/29/25 (Dkts. 180 and 186). Mr. Hinkley filed an opposition to the Rule 83 Motion on 2/25/26 (Dkt. 265). Petitioners' thereafter filed a reply memorandum on 2/27/26 (Dkts. 282 and 283). On 3/2/26 Mr. Hinkley filed what he labeled REPLY TO PETITIONERS' REQUEST TO SUBMIT ON MOTION FOR URCP 83 RELIEF and REPLY TO PETITIONERS' FEBRUARY 27, 2026 REPLY IN SUPPORT OF MOTION FOR URCP 83 RELIEF (Dkts. 290-292). Thus, Mr Hinkley has received notice of the request to declare him a vexatious litigant and has had an opportunity to be heard, and availed himself of that opportunity in making these filings in response to Petitioners' Rule 83 Motion. Based upon the court's review of the filings related to the Rule 83 Motion, as well as all of the filings, orders and docket in this case, the court hereby makes the following Findings and Order:

I. RULE 83 OF THE UTAH RULES OF CIVIL PROCEDURE:

Pursuant to Rule 83 of the Utah Rules of Civil Procedure, the court may on the motion of any party, after notice and an opportunity to be heard, enter an order requiring a vexatious litigant to:

(1) furnish security to assure payment of the moving party's reasonable expenses, costs and, if authorized, attorney fees incurred in a pending action;
(2) obtain legal counsel before proceeding in a pending action;
(3) obtain legal counsel before filing any future claim for relief;
(4) abide by a prefiling order requiring the vexatious litigant to obtain the court's permission before filing any paper, pleading, or motion, in a pending action, except that the court may not require a vexatious litigant to obtain the court's permission before filing a notice of or petition for permission to appeal;
(5) abide by a prefiling order requiring the vexatious litigant to obtain the court's permission before filing any future claim for relief in any court; or
(6) take any other action reasonably necessary to curb the vexatious litigant's abusive conduct.

Utah R. Civ.. P. 83(b).

Before entering an order under subparagraph (b) of Rule 83, the court must find by clear and convincing evidence that:

(A) the party subject to the order is a vexatious litigant; and
(B) there is no reasonable probability that the vexatious litigant will prevail on the claim.

Utah R. Civ. P. 83(c).

In pertinent part, the court may find a person to be a 'vexatious litigant' if the person:

(B) After a claim for relief or an issue of fact or law in the claim has been finally determined, the person two or more additional times re-litigates or attempts to re-litigate the claim, the issue of fact or law, or the validity of the determination against the same party in whose favor the claim or issue was determined; or

(C) In any action, the person three or more times does any one or any combination of the following:
(i) files unmeritorious pleadings or other papers,
(ii) files pleadings or other papers that contain redundant, immaterial, impertinent or scandalous matter,
(iii) conducts unnecessary discovery or discovery that is not proportional to what is at stake in the litigation, or
(iv) engages in tactics that are frivolous or solely for the purpose of harassment or delay.

Utah R. Civ. P. 83(a).

II. THE COURT FINDS BY CLEAR AND CONVINCING EVIDENCE TOM HINKLEY IS A VEXATIOUS LITIGANT PURSUANT TO RULE 83(a)(1)(B) AND (C):

In 2021, the court ordered Tom Hinkley to execute and deliver conveyance of Parcel No. 21-26-106-010 also known as 7131 South 1115 West, West Jordan UT 84084 with a legal description of Lot 79, JORDAN MOBILE HOME ESTATES (Trust Property) to John P. Hinkley and Gerald K. Johnson as Successor Trustees of the MJ Hinkley Revocable Living Trust. See ORDER AND JUDGMENT: (1) RETURNING THE TITLE TO PARCEL NO. 21-26-106-010 TO THE MJ HINKLEY REVOCABLE LIVING TRUST; (2) RELEASING THE ESCROW FUNDS HELD FROM THE SALE OF 1221 W 400 S SALT LAKE CITY UT 84104 PROPERTY; AND (3) AWARDING PETITIONERS REASONABLE COSTS AND ATTORNEY'S FEES dated 9/17/21 (Dkt. 79).

Mr. Hinkley failed to comply with the court's order, and the court found him in contempt. Upon learning of a conveyance to a fictitious entity made by Mr. Hinkley, the court entered an order quieting title in the property at 7131 South 1115 West in the Trust. See ORDER QUIETING TITLE TO PARCEL NO. 21-26-106-010, NULLIFYING TRUST DEED AND AWARD OF FEES dated January 28, 2025 (Dkt. 119).

Mr. Hinkley appealed the 1/28/25 Order. The Utah Court of Appeals affirmed the 1/28/25 Order. Thus, the 1/28/25 Order is a final determination with respect to the issue of title to the real property located at 7131 South 1115 West.

Nevertheless, Mr. Tom Hinkley has on two or more additional times re-litigated or attempted to re-litigate the issue, or the validity of the title determination against the successor trustees in whose favor the issue was determined. Mr. Hinkley has made repeated filings asserting fraud, among other things, and asking the court to restore title to 7131 S 1115 West (Parcel 21-26-106-010) to him. The attempts by Mr. Tom Hinkley to re-litigate the issue include:

1. AMENDED MOTION Rule 60 - Relief from Judgment or Order (2) to set aside a judgment for fraud upon the court. Utah. R. Civ. P. 60 (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an opposing party filed 1/30/25 (Dkt. 129)

2. FINAL EMERGENCY MOTION TO VACATE FOR FRAUD ON THE COURT, STAY EVICTION, RESTORE WATER/GARBAGE SERVICE, AND FOR PROTECTIVE ORDER filed 12/18/25 (Dkt,. 178)

3. EMERGENCY MOTION TO VACATE FOR FRAUD ON THE COURT, STAY EVICTION, RESTORE WATER/GARBAGE SERVICE, AND FOR PROTECTIVE ORDER dated 12/30/25 (Dkt. 188)

4. EMERGENCY MOTION TO STAY EVICTION AND PROTECTIVE ORDER dated 1/2/26 (Dkt. 202)

5. MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO VACATE dated 1/13/26 (Dkt. 219)

6. INDEPENDENT ACTION FOR RELIEF FROM JUDGMENT UNDER URCO 60(d) dated 1/16/26 (Dkt. 224)

7. MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO VACATE (FILED JANUARY 12, 2026) dated 2/3/26 (Dkt. 229)

8. CONSOLIDATED EMERGENCY MOTION FOR IMMEDIATE RELIEF dated 2/19/26 (Dkt. 250)

9. PETITION FOR ORDER OF COMPLETE SETTLEMENT AND DISTRIBUTION PURSUANT TO UTAH CODE 75-3-1001 dated 2/25/26 (Dkt. 264)

10. PETITION FOR COMPLETE SETTLEMENT AND DISTRIBUTION PURSUANT TO UTAH CODE ÃÂÃÂ§75-3-1001 dated 2/27/26 (Dkt. 278)

11. PETITION FOR ORDER OF COMPLETE SETTLEMENT AND DISTRIBUTION PURSUANT TO UTAH CODE 75-3-1001 dated 3/2/26 (Dkt. 293)

12. Motion for Reconsideration of January 28, 2025 Order Awarding Attorney Fees and Taxable Costs dated March 1, 2026 dated 3/2/26 (Dkt. 295)

13. PETITION FOR ORDER OF COMPLETE SETTLEMENT AND DISTRIBUTION (Utah Code 75-3-1001) dated 3/9/26 (Dkt. 301)

14. CONSOLIDATED RENEWED EMERGENCY MOTION FOR IMMEDIATE RELIEF (Water Restoration, Protective Order, Stay-Away Order, Sanctions, Lis Pendens Release, Accounting, Trustee Removal, and Payment) dated 3/20/26 (Dkt. 329)

15. **SUPPLEMENTAL CONSOLIDATED EMERGENCY MOTION FOR IMMEDIATE RELIEF** **(Water Restoration, Protective Order, Stay-Away Order, Sanctions, Lis Pendens Release, Accounting, Trustee Removal, Payment, and Injunction Against Statewide Code Enforcement Abuse Pattern)** dated 3/24/26 (Dkt. 334)

16. SUPPLEMENTAL CONSOLIDATED EMERGENCY MOTION FOR IMMEDIATE RELIEF (Water Restoration, Protective Order, Stay-Away Order, Sanctions, Lis Pendens Release, Accounting, Trustee Removal, Payment, and Injunction Against Statewide Code Enforcement Abuse Pattern) dated 3/30/26 (Dkt. 346)

17. **ULTIMATE MASTER CONSOLIDATED SUPPLEMENTAL FILING** dated 4/20/26 (Dkt. 352)

Thus, the court finds by clear and convincing evidence Tom Hinkley is a vexatious litigant pursuant to Rule 83(a)(1)(B).

These same list of 17 filings also qualify Tom Hinkley as a vexatious litigant pursuant to Rule

83(a)(1)(C) because they demonstrate that on three or more times Mr. Hinkley filed unmeritorious pleadings or other papers, and/or files pleadings or other papers that contain redundant, immaterial, impertinent or scandalous matter. Examples of the immaterial, impertinent or scandalous assertions include: Mr. Hinkley's filings asset criminal conspiracy to murder Petitioner and to defraud the estate and Petitioner of millions of dollars through false statements to the Court, concealment of financial crimes, and cover-up of the murder of Petitioner; he asserts the City of West Jordan's code-enforcement actions, water shut-off, surveillance, and retaliatory policing constitute an official policy or custom, and the exhibits establish a conspiracy among the opposing parties motivated by class-based animus; he asserts code enforcement abuse is being used by bankrupt cities, including West Jordan, to raise funds and steal people's properties for over 150 years; he asserts people are selling drugs to fund bankrupt cities for their code enforcement money laundering and fund-raising operations; and he asserts Mayor Dirk Burton has threatened the lives of witnesses to murder them and Petitioner so that no one will testify to any facts.

Thus, the court also finds by clear and convincing evidence Tom Hinkley is a vexatious litigant pursuant to Rule 83(a)(1)(C).

III. THE COURT FINDS BY CLEAR AND CONVINCING EVIDENCE THERE IS NO REASONABLE PROBABILITY THAT THE VEXATIOUS LITIGANT WILL PREVAIL ON THE CLAIMS IN THIS ACTION:

In addition to finding that Tom Hinkley is a vexatious litigant, the court cannot issue an order under Rule 83(b) unless the court finds that there is no reasonable probability that Mr. Hinkley will prevail on the claims in this action. UTAH R. CIV. P. 83(c).

The court finds by clear and convincing evidence that Mr. Hinkley does not have a reasonable probability of prevailing on the claims in this case. All remaining claims in the case have been resolved in favor of Petitioners as successor trustees. The issue of quiet title in the Trust is law of the case, and Mr, Hinkley cannot prevail on reconveying the property back to him. He appealed the court's quiet title order and the order was affirmed on appeal. No other assets remain in the Estate or Trust. The court has ordered the property be sold.

Consequently, the court finds and concludes that Mr. Tom Hinkley does not have a reasonable probability of prevailing on the claims in this action.

IV. CONSIDERATIONS FOR SCOPE OF ORDER:

During the course of this litigation, and especially in the past year, Mr. Tom Hinkley has caused the consumption of an enormous amount of judicial and litigant resources, by attempting to litigate and relitigate the same issues that have already been ruled in Petitioners' favor. His filings are often difficult to understand, and consistently replete with immaterial, impertinent, and repetitive matters, and often fail to comply with the Utah Rules of Civil Procedure.

The court considers all of the foregoing in fashioning an appropriate order under Rule 83(b), to best achieve the purpose of the Rule: "to assure that a document proposed by a vexatious litigant does not consume litigant and judicial resources without demonstrating adequate legal justification." NPEC, LLC v. Miller, 2019 UT App 175, para. 3, 453 P.3d 654, 656.

ORDER PURSUANT TO UTAH R.CIV. P. RULE 83(b):

Pursuant to Rule 83(b) of the Utah Rules of Civil Procedure, the court orders Mr. Tom Hinkley, whether he is acting on his own behalf, or on behalf of another, to:

(1) obtain legal counsel before proceeding further in this action, and

(2) Mr. Hinkley may only file papers, pleadings or motions through legal counsel in this action.

The court will no longer accept pro se filings by Mr. Hinkley in this case.

This is the Order of the court.

**End Of Order - Signature at the Top of the First Page**

**CERTIFICATE OF NOTIFICATION**

I certify that a copy of the attached document was sent to the following people for case 053901287 by the method and on the date specified.

MYCASE: TOM E HINKLEY hi5982481@gmail.com

EMAIL: ANTHONY MARTINEAU TONY@MARTINEAULAW.NET

EMAIL: TOM E HINKLEY westjordanlegaldocuments@gmail.com

Date: 04/21/26 /s/ KARA PETTIT

Signature