**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

**TOM E. HINKLEY,**

**Plaintiff,**

**v.**

**GERALD K. JOHNSON; JOHN P. HINKLEY; ANTHONY R. MARTINEAU (Bar #5859), individually and d/b/a Law Offices of Anthony R. Martineau; RAY G. MARTINEAU, individually and d/b/a Law Offices of Ray G. Martineau; JASON W. HARDIN (Bar #10067); JENIFER E. DECKER (Bar #8802); SARA E. BOULEY (Bar #14009); JUSTIN D. HEIDEMAN (Bar #08897 / #10348); LORELEI NAEGLE (Bar #9577); CITY OF WEST JORDAN; and other defendants as identified in the Master Service List,**

**Defendants.**

**Case No. 2:26-cv-00471-HCN-JCB**

**Judge Howard C. Nielson, Jr.**

**Magistrate Judge Jared C. Bennett**

**FIRST AMENDED CONSOLIDATED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, CIVIL RICO, FRAUD ON THE COURT, AND SANCTIONS**

**Plaintiff Tom E. Hinkley, pro se, files this First Amended Consolidated Complaint and states as follows:**

## I. JURISDICTION AND VENUE

**This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper in this district under 28 U.S.C. § 1391.**

## II. PARTIES

**Plaintiff Tom E. Hinkley is the son of Marian Jean Hinkley (deceased June 17, 2005) and has maintained continuous possession of the property at 7131 S 1115 W, West Jordan, UT**

**84084 (Parcel 21-26-106-010, Lot 79, Jordan Mobile Home Estates) since at least 1978. He is permanently disabled and the sole remaining creditor of the insolvent estate.**

**Defendants include Gerald K. Johnson, John P. Hinkley, the attorneys and law firms who have represented them, and City of West Jordan officials and entities involved in the conduct described below.**

## III. FACTUAL BACKGROUND

**The record and exhibits establish the following facts:**

**1. In 1978, title to the property was conveyed by Warranty Deed recorded March 16, 1978.**

**2. Marian Jean Hinkley died on June 17, 2005. The estate was already insolvent at the time of her death.**

**3. On November 23, 2006, the property was deliberately burned in a premeditated arson. Plaintiff personally paid over $52,000 for cleanup and reconstruction and obtained all necessary building permits from the City of West Jordan.**

**4. A lis pendens was placed on the property in 2006 and remained for over 19 years.**

**5. For more than six years, the City of West Jordan has shut off water service to the property. As a direct result, Plaintiff has suffered documented medical harm, including recurrent cellulitis, chronic open wounds, deep vein thrombosis, pneumonia, and related complications requiring ongoing medical care.**

**6. In 2025, the state court entered a Quiet Title Order based in part on representations that the estate held approximately $250,000 in assets. The record establishes that the estate was insolvent.**

**7. On May 28, 2026, counsel for Defendants filed an Application for Writ of Execution, Proposed Writ of Execution, and Notice of Execution and Exemptions in the related state court proceedings (Civil No. 053901287), seeking to collect the $11,188 attorney fee award entered in the January 28, 2025 Order. This enforcement action was initiated after Plaintiff filed the present federal action.**

## IV. CLAIMS FOR RELIEF

**Count I – 42 U.S.C. § 1983 (Deliberate Indifference – Individual Defendants)**

**Defendants acted with deliberate indifference to Plaintiff's serious medical needs by denying water service for over six years despite knowledge of the resulting harm.**

**Count II – 42 U.S.C. § 1983 (Monell Liability – City of West Jordan)**

**The City of West Jordan maintained a policy, custom, or practice of using code enforcement and utility shut-offs in a manner that caused the constitutional violations described above.**

**Count III – Civil RICO (18 U.S.C. §§ 1961–1968)**

**Defendants conducted the affairs of an enterprise through a pattern of racketeering activity, including mail and wire fraud and obstruction, causing injury to Plaintiff's business and property.**

**Count IV – Fraud on the Court / Relief from Judgment (FRCP 60(d))**

**The January 28, 2025 Quiet Title Order and related state court proceedings were obtained through fraud on the court. Plaintiff seeks relief from that judgment.**

**Count V – Request for Sanctions**

**Plaintiff requests sanctions against Defendants and counsel for bad-faith conduct and filings containing false or misleading statements.**

**Count VI – Americans with Disabilities Act, Title II (42 U.S.C. § 12132)**

**The prolonged denial of water service had a disparate impact on Plaintiff because of his disability and constituted a failure to provide reasonable modifications in a public service.**

**Count VII – Request for Findings of Contempt and Sanctions for Fraud on the Court and Under 28 U.S.C. § 1927**

**The record and exhibits already on file in this case and in the related state court proceedings (Civil No. 053901287) establish the following facts:**

**1. Defendants and their counsel made false and misleading statements to the state court regarding the financial condition of the Estate of Marian Jean Hinkley, including representations that the estate held approximately $250,000 in assets when the estate was in fact insolvent prior to Marian Jean Hinkley's death on June 17, 2005.**

**2. Defendants and their counsel concealed material facts from the state court, including the November 23, 2006 premeditated arson at the subject property and Plaintiff's payment of over $52,000 for cleanup and reconstruction with approved building permits from the City of West Jordan.**

**3. A lis pendens was placed and maintained on the property for over 19 years while the underlying claims lacked factual support, as shown by the exhibits and the established insolvency of the estate.**

**4. The January 28, 2025 Quiet Title Order was obtained through the use of false statements and concealment of material facts.**

**5. On May 28, 2026, counsel for Defendants filed an Application for Writ of Execution and Proposed Writ of Execution seeking to collect the $11,188 attorney fee award. This enforcement action was initiated after Plaintiff filed the present federal action.**

**6. The conduct described above constitutes fraud on the court under Federal Rule of Civil Procedure 60(d) and contemptuous interference with the judicial process. In addition, counsel for Defendants multiplied the proceedings in the related state court matter**

**unreasonably and vexatiously, causing Plaintiff to incur excess costs and expenses, in violation of 28 U.S.C. § 1927. See Braley v. Campbell, 832 F.2d 1504 (10th Cir. 1987) (en banc); Resolution Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 1995).**

**Plaintiff requests that this Court:**

**A. Enter findings that the conduct described above constitutes fraud on the court and contempt of court;**

**B. Pursuant to 28 U.S.C. § 1927, require counsel for Defendants to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct;**

**C. Impose additional appropriate sanctions under the Court's inherent authority, including monetary sanctions and referral to the appropriate disciplinary and law enforcement authorities for investigation;**

**D. Consider these findings when evaluating Plaintiff's request for injunctive relief; and**

**E. Grant such other relief as the Court deems just.**

## V. PRAYER FOR RELIEF

**Plaintiff respectfully requests that this Court:**

**A. Enter a preliminary and permanent injunction staying all state court eviction proceedings and enforcement of the May 28, 2026 Writ of Execution, and ordering immediate restoration of water and garbage service at 7131 S 1115 W, West Jordan, UT 84084;**

**B. Award compensatory damages in an amount to be proven at trial, together with treble damages under RICO;**

**C. Impose sanctions against counsel for Defendants pursuant to 28 U.S.C. § 1927 and the Court's inherent authority;**

**D. Grant such other and further relief as the Court deems just and proper.**

**Jury Demand**

**Plaintiff demands a trial by jury on all issues so triable.**

**DATED this 2nd day of June, 2026.**

**/s/ Tom E. Hinkley**

**Tom E. Hinkley, Pro Se**

**7131 S 1115 W**

**West Jordan, UT 84084**

**385-337-4401**

**westjordanlegaldocuments2@gmail.com**

**westjordanlegaldocuments3@gmail.com**

**CERTIFICATE OF SERVICE**

**I certify that on June 2, 2026, a true and correct copy of the foregoing First Amended Consolidated Complaint was served via email on all parties of record pursuant to FRCP 5.**

**TO (Federal Court Clerk & Primary Service):**

**utdecf_clerk@utd.uscourts.gov**

**TO (Opposing Counsel):**

**tony@martineaulaw.net; jhardin@fabianvancott.com; sara@actionlawutah.com; jdecker@fabianvancott.com; rmartineau@martineaulaw.net; info@fabianvancott.com; info@spencerfane.com; jminnock@mmrm.com; lorelei@naegle.law; jheideman@heidlaw.com; dldrownjd@gmail.com; patrick@ana-law.com; jdt@scmlaw.com**

**/s/ Tom E. Hinkley**

**Tom E. Hinkley, Pro Se**