**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **TOM E. HINKLEY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GERALD K. JOHNSON; et al.,**<br><br>**Defendants.** | **REPORT AND RECOMMENDATION TO DISMISS WITH PREJUDICE**<br><br>**Case No. 2:26-cv-00471-HCN-JCB**<br><br>**District Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Pro se Plaintiff Tom E. Hinkley ("Mr. Hinkley") is proceeding in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court is Mr. Hinkley's amended complaint.[3] Because Mr. Hinkley fails to state a claim upon which relief can be granted, the court recommends DISMISSING WITH PREJUDICE the amended complaint.

---

[1] District Judge Howard C. Nielson, Jr., referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 6.

[2] ECF No. 39.

[3] ECF No. 16.

## BACKGROUND

Mr. Hinkley is a prolific litigant in state and federal court.[4] In this and several other actions,[5] he seeks to avoid the consequences of a state eviction proceeding.[6] Mr. Hinkley's allegations are difficult to decipher, a fact not aided by his filing of more than two dozen documents variously characterized as notices, declarations, or motions seeking injunctive relief or leave to amend pleadings, among others.[7]

As an initial matter, the court construes the operative pleading in this action to be the document filed at ECF No. 16 entitled "First Amended Consolidated Complaint for Civil Rights Violations, Civil RICO, Fraud on the Court, and Sanctions" ("Amended Complaint").[8] Mindful of Mr. Hinkley's pro se status,[9] however, the court bolsters its evaluation of the Amended Complaint where necessary with facts drawn from other aspects of the record, noting where it does so. To further aid the court's understanding of Mr. Hinkley's claims, the court has taken judicial notice of the related state-court proceeding *In the Matter of the Trust of Marian Jean Hinkley*, No. 053901287 (Utah 3d Jud. Dist.) ("Probate case").

---

[4] ECF No. 12 at 2-3 listing "The Five Interconnected Cases."

[5] *Id*.

[6] ECF No. 16 at 9.

[7] *See* ECF Nos. 10-32 and 34-38.

[8] Fed. R. Civ. P. 15(a)(1)(A) allows a party to "amend its pleading once as a matter of course no later than . . . 21 days after serving it." As the court has not ordered service, Mr. Hinkley was free to amend his complaint once as a matter of course. Although Mr. Hinkley filed several documents after the original complaint and before the Amended Complaint upon which the court relies, the Amended Complaint contains more substantive allegations and more closely resembles a pleading under the Federal Rules of Civil Procedure then do the intervening filings.

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Hinkley invokes this court's jurisdiction under 28 U.S.C. §§ 1331 and 1343 and forwards claims under 42 U.S.C. § 1983 ("Section 1983"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"),[10] the Americans with Disabilities Act ("ADA"),[11] 28 U.S.C. § 1927, and the Federal Rules of Civil Procedure.[12] Mr. Hinkley names as Defendants Gerald K. Johnson and John P. Hinkley;[13] attorneys Anthony R. Martineau, Ray G. Martineau,[14] Jason W. Hardin, Jenifer E. Decker, Sara E. Bouley, Justin D. Heideman, and Lorelei Naegle; and the City of West Jordan.[15]

Mr. Hinkley alleges that certain Defendants concealed material facts and made false and misleading statements during probate proceedings in state court,[16] and that it was on the basis of

---

[10] 18 U.S.C. §§ 1961–1968.

[11] 42 U.S.C. §§ 12101 *et seq*.

[12] ECF No. 16 at 2, 4-6.

[13] The Order Quieting Title docketed at No. 119 in the Probate Case identifies John P. Hinkley and Gerald K. Johnson as personal representatives and trustees of the MJ Hinkley Revocable Living Trust and judicially reconveys title to the subject property to the trustees of that trust. *In the Matter of the Trust of Marian Jean Hinkley*, No. 053901287 (Utah 3d Jud. Dist.), ECF No. 119 at 6-7.

[14] Anthony R. Martineau is named "individually and d/b/a Law Offices of Anthony R. Martineau;" Ray G. Martineau is named "individually and d/b/a Law Offices of Ray G. Martineau."

[15] ECF No. 16 at 3. The Amended Complaint also names "other defendants as identified in the Master Service List." *Id*. Mr. Hinkley's original complaint additionally lists the following two dozen defendants: Patrick J. Ascione; David McKay; Joseph E. Minnock; Adrienne A. Moss; Joel D. Taylor; Gregory M. Constantino; Fabian VanCott, P.C.; Action Law Utah, LLC; Heideman & Associates, P.C.; Snow, Christensen & Martineau, P.C.; Awnings & More, Inc.; Progressive Direct Insurance Company; Jeremy Robertson (Chief, West Jordan Police Department, in official capacity); Reed G. Scharman (Fire Marshal); Todd Zahl Mann; David Rainey; Stefanie Merrill-Hansen; Jordan Smith; Kara L. Pettit; Adam T. Mow; Ronald E. Kunz; Mayor Dirk Burton; Office of Professional Conduct; the Utah Judicial Conduct Commission; and Does 1-20. ECF No. 1 at 1-2.

[16] *In the Matter of the Trust of Marian Jean Hinkley*, No. 053901287 (Utah 3d Jud. Dist.).

these concealments and falsehoods that the state court conveyed property to a trust whose trustees are Defendants here.[17] Additionally, Mr. Hinkley alleges that the City of West Jordan ("the City") unlawfully has failed to provide water service to his home for more than six years.[18] Mr. Hinkley seeks sanctions; a permanent injunction staying state court eviction proceedings and ordering restoration of water and garbage services; and compensatory and treble damages.[19]

In January 2026, Mr. Hinkley sued many of these same defendants, alleging similar claims ("*Hinkley v. Hinkley*").[20] The court dismissed that case for lack of subject matter jurisdiction.[21]

## LEGAL STANDARDS

A court screening a plaintiff's complaint under the IFP Statute "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[22] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[23] Under that standard, a court must "accept as true the well[-]pleaded factual allegations [in the complaint] and then determine if the plaintiff has

---

[17] ECF No. 16 at 6-7.

[18] *Id*. at 4.

[19] *Id*. at 8-9.

[20] *Hinkley v. Hinkley*, No. 2:26-CV-00035, 2026 WL 524165 (D. Utah Feb. 25, 2026).

[21] *Id*. at *5.

[22] 28 U.S.C. § 1915(e)(2)(B)(ii).

[23] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

provided 'enough facts to state a claim to relief that is plausible on its face.'"[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[26]

Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[27] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[28] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[29] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[30] To comply with Rule 8, "a complaint must explain what each defendant did to [the plaintiff]; when the defendant

---

[24] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 at 570 (2007).

[25] *Moses-El v. City & Cnty. of Denver*, No. 20-1102, 2022 WL 1741944, at *7 (10th Cir. May 31, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[26] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[27] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[28] *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[29] *Twombly*, 550 U.S. at 555.

[30] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also* *United States ex rel. Brooks v. Stevens-Henager Coll.*, 305 F. Supp. 3d 1279, 1307 (D. Utah 2018).

did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."[31]

The court is mindful that Mr. Hinkley is proceeding pro se and that a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[32] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[33] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[34] "It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case."[35]

## ANALYSIS

Mr. Hinkley does not provide nearly enough factual support to "nudge[ his] claims across the line from conceivable to plausible."[36] Even with the aid of state court dockets and a liberal interpretation of Mr. Hinkley's filings, the court is barely able to discern what the Defendants are alleged to have done. As the Amended Complaint does not state a claim under Fed. R. Civ. P. 12(b)(6) or satisfy Rule 8 pleading standards, the court recommends dismissal with prejudice.

---

[31] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stevens-Henager Coll.*, 305 F. Supp. 3d at 1307.

[32] *Hall*, 935 F.2d at 1110 (10th Cir. 1991); *see also Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (same).

[33] *Hall*, 935 F.2d at 1110.

[34] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[35] *Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 730 (10th Cir. 2006).

[36] *Twombly*, 550 U.S. at 570.

The court (I) begins with Mr. Hinkley's Section 1983 claims, then (II) addresses Mr. Hinkley's remaining claims, before (III) explaining why granting leave to amend would be futile.

**I. Mr. Hinkley's Claims Under 42 U.S.C. § 1983 Fail Against All Defendants Except the City Because No Other Defendant is a State Actor, But Mr. Hinkley's Section 1983 Claim Against the City Fails For Lack of Sufficient Factual Support.**

Mr. Hinkley alleges that for "more than six years, the City has shut off water service" to his home and that he has suffered significant medical harm as a result.[37] This water shut-off appears to form the basis for the two claims brought under 42 U.S.C. § 1983.[38] Claim one is that all "Defendants acted with deliberate indifference to Mr. Hinkley's serious medical needs by denying water service for over six years despite knowledge of the resulting harm."[39]

As a threshold matter, this claim is only legally possible against a state actor.[40] To state a claim for relief in an action brought under Section 1983, a plaintiff

> must establish not only the deprivation of a right secured by the Constitution or laws of the United States, but also a deprivation committed under color of state law. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."[41]

[37] ECF No. 16 at 4.

[38] *Id*. at 5.

[39] *Id*.

[40] *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) ("[T]he only proper defendants in a Section 1983 claim are those who 'represent the state in some capacity . . . .'") (citation modified) (quoting *National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 191 (1988)). *See also Janny v. Gamez*, 8 F.4th 883, 918 (10th Cir. 2021).

[41] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (citation modified) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

All Defendants except the City are non-governmental entities. Therefore, the 1983 claims against all Defendants except the City should be dismissed for being brought against non-state actors.

Although legally possible, Mr. Hinkley's claim against the City fails for want of plausibility. Mr. Hinkley refers to the water situation elsewhere in his filings as a "prolonged retaliatory shut-off"[42] and alleges that the deprivation occurred during the COVID-19 pandemic "in direct violation of . . . federal and state directives to maintain essential utilities."[43] However, this is the closest Mr. Hinkley's filings come to describing with any detail the City's allegedly unlawful actions. Mr. Hinkley provides no support for the proposition that the water shut-off was illegal. Even considering Mr. Hinkley's statements not included in the operative pleading, he does not allege facts sufficient to know why the water shut-off was unlawful or which of Mr. Hinkley's state or constitutional rights the City violated. Therefore, he fails to state a Section 1983 claim against the City.

The second Section 1983 claim is that the City "maintained a policy, custom, or practice of using code enforcement and utility shut-offs in a manner that caused the constitutional violations described above."[44] Mr. Hinkley alleges no factual support for this conclusion. He neither alleges that the City turned off another person's water, for example, nor provides an allegation from which the court plausibly can infer that the City "us[es] code enforcement and utility shut-offs" for an improper purpose. Accordingly, all Section 1983 claims should be dismissed.

---

[42] ECF No. 1-6 at 1.

[43] ECF No. 1 at 2-3.

[44] ECF No. 16 at 5.

**II. Mr. Hinkley's Remaining Claims Lack Factual Support, Are Procedurally Improper, and Should Be Dismissed.**

Mr. Hinkley's RICO claim asserts that "Defendants conducted the affairs of an enterprise through a pattern of racketeering activity, including mail and wire fraud and obstruction," and that Mr. Hinkley's business and property were injured thereby.[45] "To sufficiently state a RICO claim based on mail and wire fraud, a plaintiff 'must plausibly allege (1) 'the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises,' and (2) that the defendant communicated, or caused communications to occur, through the U.S. mail or interstate wires to execute that fraudulent scheme.'"[46] Mr. Hinkley's Amended Complaint does not contain any factual allegations that, if accepted as true, would allow a court to find a plausible RICO claim. By illustration, the court is unsure exactly what enterprise or racket Defendants are alleged to have formed and exactly who participated. Mr. Hinkley offers no factual allegations for this claim other than the bald statement that Defendants engaged in a "pattern of racketeering activity."[47] The claim therefore should be dismissed.

Next, Mr. Hinkley alleges that a "Quiet Title Order and related state court proceedings were obtained through fraud on the court" and that Mr. Hinkley "seeks relief from that judgment" under Fed. R. Civ. P. 60(d).[48] The Amended Complaint in this instance does offer

---

[45] *Id*.

[46] *Gaddy v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 148 F.4th 1202 at 1210-11 (10th Cir. 2025), cert. denied, 224 L. Ed. 2d 163 (Mar. 2, 2026) (citation modified) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242 at 1254 (10th Cir. 2016).

[47] ECF No. 16 at 5.

[48] *Id*.

factual support.[49] Mr. Hinkley claims that "Defendants and their counsel made false and misleading statements" and "concealed material facts from the state court."[50] However, this attempt to seek relief in federal court from a state court judgment is inapposite. This is true for several reasons, most pressingly that federal district courts lack jurisdiction to hear appeals of state court judgments.[51] The proper way for Mr. Hinkley to seek relief from a state court judgment is through the state court appeals process using the state court rules of civil procedure. This fourth allegation, too, should be dismissed for failure to state a claim.

The court addresses Mr. Hinkley's fifth and seventh claims together. The fifth claim "requests sanctions against Defendants and counsel for bad-faith conduct and filings containing false or misleading statements."[52] The seventh requests findings of contempt and sanctions for fraud on the court under 28 U.S.C. § 1927.[53] To support these claims, Mr. Hinkley alleges:

- "Defendants and their counsel made false and misleading statements to the state court regarding the financial condition of the Estate of Marian Jean Hinkley, including representations that the estate held approximately $250,000 in assets when the estate was in fact insolvent . . . ."[54]

---

[49] *See id*. at 6-8.

[50] *Id*. at 6-7.

[51] *Sanchez v. Torrez*, 173 F.4th 1202, 1223 (10th Cir. 2026) ("The *Rooker-Feldman* doctrine establishes, as a question of subject matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision."); *see also* 28 U.S.C. § 1257(a); *Hinkley,* No. 2:26-CV-00035, 2026 WL 524165, at *3-4.

[52] ECF No. 16 at 6.

[53] *Id*.

[54] *Id*.

- "Defendants and their counsel concealed material facts from the state court, including the November 23, 2006[,] premeditated arson at the subject property and [Mr. Hinkley]'s payment of over $52,000 for cleanup and reconstruction with approved building permits from the City of West Jordan."[55]
- "A lis pendens was placed and maintained on the property for over 19 years while the underlying claims lacked factual support, as shown by the exhibits and the established insolvency of the estate."[56]
- "The January 28, 2025[,] Quiet Title Order was obtained through the use of false statements and concealment of material facts."[57]
- "[C]ounsel for Defendants multiplied the proceedings in the related state court matter unreasonably and vexatiously, causing [Mr. Hinkley] to incur excess costs and expenses, in violation of 28 U.S.C. § 1927."[58]

First, the court notes that it is unclear how the alleged misstatement of an estate's value and concealed facts relating to an alleged arson are germane to this case. Mr. Hinkley has provided no context for these statements or why they support his claims. Next, Mr. Hinkley alleges without support that a Quiet Title Order was based on false statements and concealed material facts. To the extent that Mr. Hinkley seeks to overturn that order, this court is barred by

---

[55] *Id*. at 7.

[56] *Id*.

[57] *Id*.

[58] *Id*. at 7-8.

the *Rooker-Feldman* doctrine from serving as an appellate court for state court decisions.[59] And the court likely is barred by the *Younger* abstention doctrine from enjoining the state court's eviction proceedings based on the quiet-title order.[60] Even if the court were to evaluate the allegations, Mr. Hinkley does not identify the statements or the facts in question, which defendant or defendants said or concealed them, and how these acts contributed to the issuance of the quiet-title order. He has failed to supply the factual support necessary to state this claim. Lastly, Mr. Hinkley provides no support for his contention that a federal court can impose sanctions under § 1927 for conduct undertaken in state court,[61] nor does he say in what manner Defendants unlawfully multiplied proceedings or proceeded vexatiously. Although Mr. Hinkley offers some conclusory statements to support claims five and seven, these statements do not provide "enough facts to state a claim to relief that is plausible on its face"[62] and thus claims five and seven should be dismissed.

Finally, Mr. Hinkley alleges an ADA claim. Just as in *Hinkley v. Hinkley*, the Amended Complaint "does not allege that any public entity denied him an accommodation on the basis of his disability or provide any other allegations that would state a claim under the ADA."[63] He therefore has failed to state an ADA claim.

---

[59] *See* n.51, *supra.*

[60] ECF No. 33 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13–14 (1987)).

[61] *See Morris by Rector v. Peterson*, 871 F.2d 948, 951 (10th Cir. 1989). *See also GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318, 1319 (9th Cir. 1994) ("We agree with the Fifth Circuit that § 1927 limits a federal court's ability to sanction an attorney for conduct before another court.") (citing *Matter of Case,* 937 F.2d 1014 (5th Cir.1991)).

[62] *Hogan*, 762 F.3d at 1104 (10th Cir. 2014) (quoting *Twombly*, 550 U.S. at 570).

[63] *Hinkley*, No. 2:26-CV-00035, 2026 WL 524165 at *1 n.1 (citing 42 U.S.C. §12132).

## III. Allowing Mr. Hinkley to Amend His Complaint Would Be Futile.

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[64] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[65]

Allowing Mr. Hinkley once again to amend his complaint would be futile. First, none of Mr. Hinkley's filings subsequent to the Amended Complaint cure any of the defects described above.[66] Second, this action is premised on similar facts as those that gave rise to *Hinkley v. Hinkley*. Mr. Hinkley had several attempts to state his claims and has failed to do so each time. Allowing one more attempt will not change that outcome. Thus, granting leave to amend would be futile.[67]

[64] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[65] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[66] *See* ECF Nos. 17-32, 33-38.

[67] For the reasons set forth above, Mr. Hinkley's claims fail because of the dearth of factual support upon which they rest. As such, the court does not analyze the potential preclusive effect that the *Hinkley v. Hinkley* decision might have on this litigation. The court notes, however, that Mr. Hinkley's claims in this action and those in *Hinkley v. Hinkley* involve many of the same parties, share causes of action, and arise from the same core of operative facts, indicating that Mr. Hinkley's claims in this action likely would be barred under the doctrines of claim or issue preclusion.

## RECOMMENDATION

Because Mr. Hinkley has failed to state a claim upon which relief can be granted, the court HEREBY RECOMMENDS that Mr. Hinkley's Amended Complaint be DISMISSED WITH PREJUDICE.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[68] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[69] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 18th day of June 2026.

BY THE COURT:



JARED C. BENNETT
United States Magistrate Judge

---

[68] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[69] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).