FILED
2026 JUN 18 PM 10:46
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

THOMAS E. HINKLEY,

Plaintiff,

v. Case No. 2:26-cv-00471-HCN-JCB

WEST JORDAN CITY, et al.,

Defendants.

Hon. Howard C. Nielson, Jr.

Magistrate Judge Jared C. Bennett

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 40) AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO RESTORE POSSESSION OF THE SUBJECT PROPERTY AND WATER SERVICES

Plaintiff Thomas E. Hinkley, pro se, respectfully submits these Objections to the Magistrate Judge's Report and Recommendation entered June 18, 2026 (ECF No. 40), which recommends dismissal of the Amended Complaint with prejudice for failure to state a claim upon which relief can be granted. Plaintiff simultaneously moves this Honorable Court, pursuant to Fed. R. Civ. P.

65, for an emergency temporary restraining order and preliminary injunction to restore possession of the subject property located at 7131 S 1115 W, West Jordan, UT 84084, to restore water services to that property, and to prevent further irreparable harm.

I. PROCEDURAL AND FACTUAL BACKGROUND

On June 18, 2026, Magistrate Judge Jared C. Bennett granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 39). In the same minute entry, the Magistrate Judge entered the Report and Recommendation recommending that the Amended Complaint be dismissed with prejudice (ECF No. 40).

On or about June 18, 2026, Plaintiff was actually evicted from the subject property pursuant to a state-court Order of Eviction and Order of Restitution signed June 17, 2026 by Judge Charles A. Stormont in Civil No. 260903986. Plaintiff is now homeless. The property has been without water services for more than six years despite Plaintiff's known disability and serious medical condition. This eviction and ongoing denial of water constitute continuing violations of Plaintiff's federally protected rights.

These new facts of actual eviction and current homelessness create imminent, irreparable harm that was not fully before the Court when the Report and Recommendation was entered.

The long history of harm is documented in Plaintiff's existing exhibits, including:

Exhibit 1000: Photographs and documents showing fire damage to the Trust Property, Fire Marshal involvement, Plaintiff's cleanup and restoration efforts, resulting long-term physical injuries, absence of water meter during medical emergency, restored mobile home (2019), and related evidence.

Exhibit 1001: Evidence of Estate Bankruptcy at Time of Marian Jean Hinkley's Death (June 17, 2005) and Defendants' Knowledge Thereof.

Exhibit 1004 (Composite): June 1, 2026 Writ of Execution (Personal Property) issued in Case No. 053901287; May 27, 2026 Service of Amended Complaint for Eviction and 3-Day Summons; June 5, 2026 Request for Occupancy Hearing and Proposed Order Scheduling June 16, 2026 Hearing; and June 4, 2026 Police Report No. CWJ26-26773.

Exhibit 1005: Master Exhibit List and Google Drive References from Prior Filings.

Exhibit 1006: Order of Eviction and Order of Restitution signed June 17, 2026 by Judge Charles A. Stormont in Civil No. 260903986, requiring vacation of the subject property no later than June 19, 2026 (the order that was enforced against Plaintiff).

These exhibits demonstrate a consistent pattern of conduct by Defendants that has now culminated in Plaintiff's actual eviction and homelessness while disabled and without water.

## II. OBJECTIONS TO THE REPORT AND RECOMMENDATION

Plaintiff objects to the Report and Recommendation in its entirety. The Magistrate Judge erred in concluding that the Amended Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134.

A. The Amended Complaint states plausible claims under 42 U.S.C. § 1983.

The Amended Complaint alleges that Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Fourteenth Amendment, including through deliberate indifference to serious medical needs and state-created danger arising from the prolonged denial of water services (an essential public utility) and related code enforcement actions that culminated in eviction. These well-pleaded facts, accepted as true, state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Pro se pleadings must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B. The Amended Complaint states plausible claims under Title II of the ADA.

Plaintiff is a qualified individual with a disability. Water service and access to the property are programs or activities of the public entity West Jordan City. Plaintiff has been denied meaningful access to these programs because of his disability. 42 U.S.C. § 12132. The ongoing daily denial of water constitutes a continuing violation. Hamer v. City of Trinidad, 924 F.3d 1093 (10th Cir.

2019). A public entity must make reasonable modifications when necessary to avoid discrimination. 28 C.F.R. § 35.130(b)(7). The Magistrate Judge erred by failing to credit these allegations under the applicable liberal pleading standards.

C. Dismissal with prejudice is premature; leave to amend should be granted.

Even if any deficiencies exist, dismissal with prejudice at this early stage is inappropriate. Fed. R. Civ. P. 15(a) favors liberal amendment. The new facts of actual eviction and current homelessness constitute changed circumstances that support amendment and demonstrate ongoing violations. The interests of justice require allowing Plaintiff to supplement the pleadings.

III. EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

A. Legal Standard

Plaintiff must show: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) the balance of equities tips in Plaintiff's favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

B. Likelihood of Success on the Merits

Plaintiff's claims under 42 U.S.C. § 1983 and 42 U.S.C. § 12132 are plausible, as set forth above. 42 U.S.C. § 1983 authorizes suits for injunctive relief against state actors to vindicate federal constitutional and statutory rights. Mitchum v. Foster, 407 U.S. 225 (1972).

C. Irreparable Harm

Plaintiff is currently homeless as a direct result of the eviction carried out on or about June 18, 2026 pursuant to the June 17, 2026 Order of Eviction and Order of Restitution. He is a qualified individual with a disability who has serious medical needs requiring access to water and basic sanitation. The risk of serious medical harm, exposure, or death is immediate and occurring now. Money damages cannot remedy homelessness or the denial of essential utilities while disabled. Winter, 555 U.S. at 20. This harm is not speculative.

D. Balance of Equities and Public Interest

The harm to Plaintiff (life, health, and federally protected rights) far outweighs any temporary inconvenience to Defendants from restoring possession and water services pending resolution of this case. The public interest strongly favors enforcement of federal civil rights protections and prevention of ongoing constitutional violations by state actors. Id. at 24.

E. Narrowly Tailored Relief

Plaintiff seeks narrowly tailored relief to restore the status quo ante: (1) restoration of possession of the subject property; (2) immediate restoration of water services; and (3) an injunction against further interference, code enforcement, or adverse actions pending resolution of the federal claims and Objections to the Report and Recommendation.

## IV. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Conduct a de novo review of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and reject the recommendation to dismiss the Amended Complaint with prejudice;

B. Grant Plaintiff leave to file a Second Amended Complaint incorporating the new facts of actual eviction and current homelessness;

C. Enter a Temporary Restraining Order and Preliminary Injunction ordering Defendants to:

1. Immediately restore Plaintiff to possession of 7131 S 1115 W, West Jordan, UT 84084;
2. Immediately restore water services to the property;
3. Cease all further eviction enforcement, code enforcement, interference with Plaintiff's return to the property, or other adverse actions pending further order of this Court;

D. Set an expedited hearing on this Motion and on the Objections to the Report and Recommendation within forty-eight (48) hours or as soon as practicable;

E. Defer any ruling adopting or rejecting the Report and Recommendation until after the hearing on emergency relief; and

F. Grant such other and further relief as the Court deems just and proper to prevent irreparable harm to Plaintiff's federally protected rights under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act.

Dated: June 18, 2026

Respectfully submitted,

/s/ Thomas E. Hinkley

Thomas E. Hinkley, Pro Se

7131 S 1115 W

West Jordan, UT 84084

Phone: 385-337-4401

Email: westjordanlegaldocuments2@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I filed the foregoing Plaintiff's Objections to Magistrate Judge's Report and Recommendation and Emergency Motion for Temporary Restraining Order

and Preliminary Injunction via the Court's CM/ECF system and served a true and correct copy upon all parties and counsel of record by electronic mail to the addresses on the master service list maintained in this matter, specifically including: 3rdpettitteam@utcourts.gov, attorneygeneral@utah.gov, uag@agutah.gov, code.enforcement@westjordan.utah.gov, utilities@westjordan.utah.gov, mayor@westjordan.utah.gov, courtpros@westjordan.utah.gov, public.works@westjordan.utah.gov, bill@kimballanderson.com, dldrownjd@gmail.com, hinkleyjohn@gmail.com, info@fabianvancott.com, info@spencerfane.com, info@westjordan.utah.gov, jdt@scmlaw.com, jerryjohnson6837@comcast.net, jhardin@fabianvancott.com, jheideman@heidlaw.com, jminnock@mmrm.com, lorelei@naegle.law, opc@opcutah.org, patrick@ana-law.com, police@westjordan.utah.gov, ray@martineaulaw.net, sara@actionlawutah.com, stefanie.merrill-hansen@westjordan.utah.gov, tony@martineaulaw.net, and all other counsel and parties previously noticed.

____________________________________

Thomas E. Hinkley, Pro Se

EXHIBITS

Exhibit 1000: Photographs and documents showing fire damage to the Trust Property, Fire Marshal involvement, Plaintiff's cleanup and restoration efforts, resulting long-term physical injuries, absence of water meter during medical emergency, restored mobile home (2019), and related evidence (attached hereto)

Exhibit 1001: Evidence of Estate Bankruptcy at Time of Marian Jean Hinkley's Death (June 17, 2005) and Defendants' Knowledge Thereof (attached hereto)

Exhibit 1004 (Composite): June 1, 2026 Writ of Execution (Personal Property) issued in Case No. 053901287; May 27, 2026 Service of Amended Complaint for Eviction and 3-Day Summons; June 5, 2026 Request for Occupancy Hearing and Proposed Order Scheduling June 16, 2026 Hearing; and June 4, 2026 Police Report No. CWJ26-26773 (attached hereto)

Exhibit 1005: Master Exhibit List and Google Drive References from Prior Filings (attached hereto)

Exhibit 1006: Order of Eviction and Order of Restitution signed June 17, 2026 by Judge Charles A. Stormont in Civil No. 260903986, requiring vacation of the subject property no later than June 19, 2026 (the order that was enforced against Plaintiff) (attached hereto)