UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

THOMAS E. HINKLEY,

Plaintiff,

v. Case No. 2:26-cv-00471-HCN-JCB

WEST JORDAN CITY, a Utah municipal corporation; JOHN P. HINKLEY, individually and as Successor Trustee of the MJ Hinkley Revocable Living Trust; GERALD K. JOHNSON, JR., individually and as Successor Trustee of the MJ Hinkley Revocable Living Trust; ANTHONY R. MARTINEAU; JASON W. HARDIN; and DOES 1–50, inclusive,

Defendants.

Hon. Howard C. Nielson, Jr.

PROPOSED SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §§ 12131–12134)

Plaintiff Thomas E. Hinkley, pro se and permanently disabled, by and through this Proposed Second Amended Complaint, alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for deprivations of rights secured by the Fourteenth Amendment to the United States Constitution, including deliberate indifference to serious medical needs and state-created danger, and pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134, for denial of meaningful access to public services and failure to provide reasonable modifications.

2. Defendants, acting under color of state law, have for more than six years denied Plaintiff water service—an essential public utility and program of the public entity West Jordan City—despite Plaintiff's known disability and serious medical condition. This denial has now culminated in Plaintiff's actual eviction from his home on or about June 18, 2026, leaving him homeless while disabled and without access to water or basic sanitation.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983 and 42 U.S.C. § 12132.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because all Defendants reside in or conduct business in this District, and the events giving rise to the claims occurred in this District.

III. PARTIES

5. Plaintiff Thomas E. Hinkley is a permanently disabled individual who resided at 7131 S 1115 W, West Jordan, UT 84084 until his unlawful eviction on or about June 18, 2026. He is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2).

6. Defendant West Jordan City is a Utah municipal corporation and public entity within the meaning of 42 U.S.C. § 12131(1) that provides water service and other public programs and activities.

7. Defendant John P. Hinkley is the Successor Trustee of the MJ Hinkley Revocable Living Trust and acted in concert with other Defendants to cause Plaintiff's eviction and the denial of water services.

8. Defendant Gerald K. Johnson, Jr. is a Successor Trustee of the MJ Hinkley Revocable Living Trust and acted in concert with other Defendants.

9. Defendant Anthony R. Martineau is an attorney who represented the Successor Trustees in the state-court eviction proceedings and acted in concert with other Defendants.

10. Defendant Jason W. Hardin is an attorney who represented parties adverse to Plaintiff in the underlying probate matter and acted in concert with other Defendants.

11. Defendants Does 1–50 are individuals or entities whose identities are presently unknown but who participated in the violations alleged herein.

IV. FACTUAL ALLEGATIONS

12. Plaintiff is a permanently disabled individual with serious medical needs that require consistent access to running water and basic sanitation.

13. For more than six years, Defendants West Jordan City and its officials have denied Plaintiff water service to the property located at 7131 S 1115 W, West Jordan, UT 84084, despite actual knowledge of Plaintiff's disability and medical condition. This denial constitutes a continuing violation. See Hamer v. City of Trinidad, 924 F.3d 1093 (10th Cir. 2019).

14. The denial of water has caused Plaintiff serious physical harm, including long-term injuries documented in Exhibit 1000 attached hereto.

15. On June 17, 2026, a state-court Order of Eviction and Order of Restitution was entered in Civil No. 260903986 requiring Plaintiff to vacate the subject property no later than June 19, 2026. A true and correct copy is attached hereto as Exhibit 1006.

16. On or about June 18, 2026, the eviction order was enforced against Plaintiff. Plaintiff was removed from the property and is now homeless. Plaintiff has no lease, pays no rent, and was a tenant at will, yet Defendants used the eviction process to permanently deprive him of housing while disabled and without water.

17. The pattern of conduct by Defendants—including the prolonged water shutoff, code enforcement actions, and the eviction—is documented in Plaintiff's exhibits, including Exhibit 1000, Exhibit 1001, Exhibit 1004 (Composite), and Exhibit 1005.

18. Defendants acted with deliberate indifference to Plaintiff's serious medical needs and created a state-created danger by knowingly denying him water and then evicting him from the only shelter he had while disabled.

19. Defendants failed to provide Plaintiff with reasonable modifications under the ADA, including restoration of water service and accommodation in the eviction process, despite Plaintiff's known disability.

V. CLAIMS FOR RELIEF

COUNT I — 42 U.S.C. § 1983 (Fourteenth Amendment — Deliberate Indifference and State-Created Danger)

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Fourteenth Amendment, including the right to be free from deliberate indifference to serious medical needs and the right to be free from state-created danger.

22. Defendants' conduct shocks the conscience and violates Plaintiff's substantive due process rights.

COUNT II — Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff is a qualified individual with a disability.

25. Water service and access to housing programs are programs or activities of the public entity West Jordan City.

26. Defendants excluded Plaintiff from participation in and denied him the benefits of these programs by reason of his disability and failed to make reasonable modifications as required by 28 C.F.R. § 35.130(b)(7).

27. The ongoing daily denial of water and the eviction of Plaintiff while disabled constitute continuing violations.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants as follows:

A. A declaratory judgment that Defendants violated Plaintiff's rights under 42 U.S.C. § 1983 and Title II of the ADA;

B. A Temporary Restraining Order and Preliminary Injunction ordering Defendants to immediately restore Plaintiff to possession of 7131 S 1115 W, West Jordan, UT 84084 and to immediately restore water services to the property;

C. A permanent injunction prohibiting Defendants from further interference with Plaintiff's possession of the property or denial of water services;

D. Compensatory damages in an amount to be determined at trial, but not less than $500,000.00;

E. Punitive damages in an amount sufficient to punish and deter Defendants;

F. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205, or, if Plaintiff remains pro se, such other costs as the Court deems just;

G. Such other and further relief as the Court deems just and proper.

Dated: June 18, 2026

Respectfully submitted,

/s/ Thomas E. Hinkley

Thomas E. Hinkley, Pro Se

7131 S 1115 W

West Jordan, UT 84084

Phone: 385-337-4401

Email: westjordanlegaldocuments2@gmail.com

EXHIBITS

Exhibit 1000: Photographs and documents showing fire damage to the Trust Property, Fire Marshal involvement, Plaintiff's cleanup and restoration efforts, resulting long-term physical injuries, absence of water meter during medical emergency, restored mobile home (2019), and related evidence (attached hereto)

Exhibit 1001: Evidence of Estate Bankruptcy at Time of Marian Jean Hinkley's Death (June 17, 2005) and Defendants' Knowledge Thereof (attached hereto)

Exhibit 1004 (Composite): June 1, 2026 Writ of Execution (Personal Property) issued in Case No. 053901287; May 27, 2026 Service of Amended Complaint for Eviction and 3-Day Summons; June 5, 2026 Request for Occupancy Hearing and Proposed Order Scheduling June 16, 2026 Hearing; and June 4, 2026 Police Report No. CWJ26-26773 (attached hereto)

Exhibit 1005: Master Exhibit List and Google Drive References from Prior Filings (attached hereto)

Exhibit 1006: Order of Eviction and Order of Restitution signed June 17, 2026 in Civil No. 260903986, requiring vacation of the subject property no later than June 19, 2026 (the order that was enforced against Plaintiff) (attached hereto)