**The Order of the Court is stated below:**
**Dated:** June 17, 2026 /s/ CHARLES A. STORMONT
09:12:41 AM District Court Judge

ANTHONY R. MARTINEAU (#5859)
4444 S 700 E., Suite 104
Salt Lake City, UT 84107
Telephone (801) 486-0200
Facsimile (801) 486-0383
Tony@martineaulaw.net

Date 6-18-26 Time 0840
Upon POSTED
Served by Constable Matt Jennings
WASATCH CONSTABLES • SLCo, UT
Matt Jennings, Constable • 801.392.9400

Attorney for Plaintiff John P. Hinkley
Successor Trustee of the MJ Hinkley
Revocable Living Trust

**IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| JOHN P. HINKLEY, as Successor Trustee of the MJ HINKLEY REVOCABLE LIVING TRUST<br><br>Plaintiff,<br><br>vs.<br><br>TOM E. HINKLEY, an Individual & Does 1–10 at 7131 S. 1115 W. West Jordan, UT 84084<br>Defendant. | **ORDER OF EVICTION AND ORDER OF RESTITUTION**<br><br>Civil No. 260903986<br><br>Judge: Robert Faust<br><br>Tier II |

The above-captioned matter came on regularly before Judge Charles A. Stormont on Plaintiff's *Request for Occupancy Hearing*, dated June 5, 2026, and the *Notice of Immediate Occupancy Hearing* setting this matter for a June 16, 2026, 1:00 PM hearing. Attorney Anthony R. Martineau appeared in person on behalf of the Plaintiff, and Tom E. Hinkley ("**Defendant**") appeared remotely. The Court, having reviewed the file, the statements, and evidence of the parties and being fully advised in the premises and for good cause finds:

**COURT FINDINGS:**

1. A Complaint for Eviction of the Defendant was filed on May 26, 2026 and was properly served as shown by the Defendant, who, rather than file an Answer to the Complaint, on June 2, 2026 filed four motions, namely:

a) Defendant's Motion to Stay Eviction Proceedings and Request for Judicial Sanctions for Bad Faith Conduct;
b) 1st Motion to Stay Eviction Proceedings Pending Resolution of Federal Civil Rights Action;
c) 2nd Motion to Stay Eviction Proceedings Pending Resolution of Federal Civil Rights Action;
d) Defendant's Motion for Temporary Stay of Eviction and for Expedited Hearing.

2. Pursuant to §78B-6-810(2)(a) the Court held an evidentiary hearing as required within 10 business days of the Request for Immediate Occupancy Hearing.

3. Based on the Defendant's in-court admissions that he:

a) Has no lease;
b) Is a tenant at will;
c) Pays no rent; and
d) Received the 5-Day Notice to Vacate,

pursuant to §78B-6-811(1)(b), the Court finds that the Plaintiff meets the requirements for and has a right to an Order of Eviction and Order of Restitution of its Premises known as 7131 S. 1115 W. West Jordan, UT ("**Trust Property**").

4. The Court finds that Defendant is in unlawful detainer of the Trust Property as defined in U.C.A. §78B-6-801(10) and §78B-6-802(1)(b)(ii).

5. During the period of time following the scheduling of the Immediate Occupancy Hearing, Defendant filed:

e) Defendant's Emergency Motion to Stay Writ of Execution, Continue June 16, 2026 Hearing, and Object to Immediate Occupancy, with ADA Accommodation Request on June 8, 2026;
f) On June 8, 2026 the Court entered an ORDER DENYING MOTION TO CONTINUE IMMEDIATE OCCUPANCY HEARING, followed almost immediately by Defendant filing his second Emergency Motion To Stay Writ of Execution, Continue June 16, 2026 Hearing and Object to Immediate Occupancy

with ADA Accommodation Request;

g) Defendant's Emergency Motion to Stay June 16, 2016 Immediate Occupancy Hearing filed on June 12, 2026;
h) Defendant's Combined Emergency Motion to Stay June 16, 2016 Immediate Occupancy Hearing, Production of Complete Case File, and Appointment of Special Master (Alternative Relief) filed on June 16, 2026 just prior to the Court's Immediate Occupancy Hearing; and
i) Defendant's Notice of Pending Federal Civil Rights Action and Recorded Lis Pendens and a recorded copy of his Notice of Lis Pendens, also filed on June 16, 2026 (items a – i cumulative referred to as "**Defendant's Motions**").

6. The Court finds that all of Defendant's Motions are improper attempts to relitigate in this case the issues and matters that were fully litigated, twice appealed in Probate Case No. 053901287, and were fully and finally decided.

**THE COURT CONCLUDES:**

1. The Defendant is a resident of Salt Lake County, State of Utah, and occupant of the 7131 S. 1115 W. West Jordan Utah Premises.

2. Plaintiff, as Successor Trustee of the MJ Hinkley Revocable Living Trust ("**Trust**"), properly represents the Trust that owns the Trust Property.

3. Defendant has no lease and, at best, might be a tenant at will, who pays no rent.

4. Defendant did not comply with the Five-Day Notice, even though he admits: (a) receiving the Five-Day Notice; (b) having no lease; and (c) not paying any rent, for which the Defendant has been and is in unlawful detainer of the Trust Property.

5. Pursuant to U.C.A. §78B-6-811(3), at the June 16, 2026 Occupancy Hearing, Defendant did not contest that the fair market rental value of the Trust Property is $50.00 per day or that he has wrongfully remained in possession of the Trust Property following the Probate Court's January 28, 2025 Order Quieting Title to the Trust Property, Nullifying Trust Deed and

Awarding Attorney Fees. Defendant did not present any facts that support his unlawful detainer of Trust Property through and including June 16, 2026.

6. Additional damages, resulting to Plaintiff for Defendant's unlawful detainer, may be assessed for any items enumerated in U.C.A. §78B-6-811(2), and are reserved for further proceedings before the Judge assigned to this case.

7. Pursuant to the Court findings above, all of Defendant's Motion are denied.

8. Defendant is not a member of the United States Military or on active-duty.

9. Based on the Court's findings and the Defendant's conduct in this case, the Court concludes that the Defendant has been a vexatious litigant in this matter and a separate order will be entered in this case.

**IT IS THEREFORE ORDERED:**

That the Trust Property be returned to Plaintiff no later than June 19, 2026 and that the Defendant be removed by the sheriff or constable if he does not move out voluntarily.

Move out means leave the Trust Property. Move out means that the Defendant leaves the premises, turns over any keys, and that the Plaintiff is allowed to change the locks. Defendant and any person claiming a right to live at the Trust Property from the Defendant must move out and shall allow the Plaintiff sole access to and singular control of the Trust Property, its premises, and everything thereon.

If Defendant does not follow this order, Defendant may be forcibly removed from the Trust Property and premises by the sheriff or constable. They will use the least destructive means possible to remove the Defendant, and any persons who claim to have received a right to live at

or on the Trust Property or premises from the defendant. Defendant's personal property not removed from the Trust Property or premises on or before June 19, 2026 may be treated by Plaintiff as abandoned.

**To the sheriff or constable:**

If the Defendant is served with this order and fails to vacate the property as ordered, you are ordered to enter the premises by force using the least destructive means possible to remove the Defendant, and any persons claiming a right to occupancy from the Defendant. If you find a personal animal as defined by Utah Code 78B-6-812, you must notify the local animal control authority to take custody of the animal.

*----------END OF ORDER, SIGNATURE APPEARS AT TOP OF FIRST PAGE----------*
*ORDER OF EVICTION AND ORDER OF RESTITUTION*

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *(proposed) Order of Eviction & Order of Restitution* was served upon the following individuals via GreenFiling to the following emails this 16th day of June, 2026.

Tom E. Hinkley: westjordanlegaldocuments@gmail.com,
Tom E. Hinkley: westjordanlegaldocuments2@gmail.com,
and Tom E. Hinkley: westjordanlegaldocuments3@gmail.com
John P. Hinkley: hinkleyjohn@gmail.com
Gerald K. Johnson: jerryjohnson6837@comcast.net

*/s/ Natasha Liberman*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

TOM E. HINKLEY,

Plaintiff,

v.

GERALD K. JOHNSON, et al.,

Defendants.

Case No. 2:26-cv-00471-HCN-JCB

Judge Howard C. Nielson, Jr.

PLAINTIFF'S SHORT NOTICE OF IMMINENT JUNE 19, 2026 VACATE DEADLINE AND REQUEST FOR EXPEDITED SCREENING OF FIRST AMENDED COMPLAINT

Plaintiff Tom E. Hinkley, pro se and permanently disabled, submits this short notice.

On June 16, 2026 at 7:28 PM MDT, Plaintiffs' counsel in the related state proceeding (Civil No. 260903986) filed a Proposed Order of Eviction and Order of Restitution. Under Utah Code Ann. § 78B-6-812, once signed and served, Plaintiff will have only three calendar days to vacate the premises. This creates a vacate deadline of June 19, 2026.

Plaintiff is permanently disabled and has been bedridden for an extended period due to the denial of running water service for more than six years — a documented life-threatening medical condition under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. This denial is an ongoing, continuing, and repeated violation. See Hamer v. City of Trinidad, 924 F.3d 1093 (10th Cir. 2019).

Plaintiff has today filed a Motion for Expedited Screening of his already-lodged First Amended Complaint and a Supplemental Notice addressing the continuing violation and state-created danger doctrines. Plaintiff respectfully requests that this Court expedite screening under 28

U.S.C. § 1915(e)(2) so that the Court may consider appropriate relief to protect Plaintiff's federal constitutional and statutory rights before the June 19, 2026 vacate deadline.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Expedite screening of Plaintiff's already-lodged First Amended Complaint under 28 U.S.C. § 1915(e)(2) and formally file the same as soon as practicable; and

B. Grant such other and further relief as the Court deems just and proper to protect Plaintiff's federal rights.

DATED this 17th day of June, 2026.

/s/ Tom E. Hinkley

Tom E. Hinkley, Pro Se

7131 S 1115 W

West Jordan, UT 84084

385-337-4401

westjordanlegaldocuments2@gmail.com

westjordanlegaldocuments3@gmail.com

CERTIFICATE OF SERVICE

I certify that on June 17, 2026, I filed the foregoing via the Court's CM/ECF system, which will send notification to all counsel of record in this action.