# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| TOM E. HINKLEY,<br><br>Plaintiff,<br><br>v.<br><br>GERALD K. JOHNSON, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING LEAVE TO AMEND**<br><br>Case No. 2:26-cv-471<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Tom E. Hinkley sues Defendants Gerald K. Johnson, John P. Hinkley, Anthony R. Martineau, Law Offices of Anthony R. Martineau, Ray G. Martineau, Law Offices of Ray G. Martineau, Jason W. Hardin, Jenifer E. Decker, Sara E. Bouley, Justin D. Heideman, Lorelei Naegle, and the City of West Jordan, asserting claims under 42 U.S.C. § 1983, Civil RICO, and the Americans with Disabilities Act, as well as a claim for fraud on the court. *See* Dkt. No. 16.

On June 18, 2026, Magistrate Judge Bennett entered a report and recommendation, proposing that all of Mr. Hinkley's claims be dismissed. *See* Dkt. No. 40. The report and recommendation provided that "[t]he parties must file any objections to this Report and Recommendation within 14 days after being served a copy of it" and that "[f]ailure to object may constitute waiver of objections upon subsequent review." *Id.* at 14. Mr. Hinkley timely objected to a portion of the report and recommendation. *See* Dkt. No. 41.[1] The court overrules Mr. Hinkley's objections and adopts the report and recommendation.

---

[1] Mr. Hinkley subsequently lodged a torrent of untimely supplemental objections. But he is entitled neither to make multiple filings objecting to the same report and recommendation nor to make objections after the deadline for doing so has passed. Mr. Hinkley has expressly consented to service of court documents by email. *See* Dkt. No. 4. And he filed his initial

In addition, Judge Bennett entered an order on July 23, 2026 denying Mr. Hinkley's motion to appoint counsel, *see* Dkt. No. 45, and Mr. Hinkley timely objected to that order, *see* Dkt. No. 46 at 6–7. The court overrules this objection as well.

## I.

Under Federal Rule of Civil Procedure 72(b)(2), "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge "[w]ithin 14 days after being served a copy of the recommended disposition." Under Rule 72(b)(3), the court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See also* 28 U.S.C. § 636(b)(1)(C).

"[A] party's objections to the magistrate judge's report and recommendation must be *both timely and specific* to preserve an issue for de novo review by the district court . . . ." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). This means that the objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.*; *see also Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025). The court reviews those portions of a report and recommendation to which a party fails properly to object only for plain error. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005).

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

---

objection to the report and recommendation on June 18, 2026. *See* Dkt. No. 41 at 8. It is thus evident that he received service of the report and recommendation the same day Judge Bennett entered it. The court accordingly disregards as untimely all of the purported objections that Mr. Hinkley has submitted after July 2, 2026.

U.S. 544, 570 (2007)). A plaintiff cannot satisfy this standard by offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Nor will the court "accept as true a legal conclusion"—even if it is "couched as a factual allegation." *Id.* (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" thus "do not suffice," for Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Rather, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (cleaned up).

To be sure, the Tenth Circuit has instructed that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (cleaned up). Even so, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Id.* (cleaned up).

## II.

## A.

Judge Bennett recommends dismissing all of Mr. Hinkley's claims. *See* Dkt. No. 40. Although Mr. Hinkley purports to "object[] to the Report and Recommendation *in its entirety*," he argues only that "[t]he Magistrate Judge erred in concluding that the Amended Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act." Dkt. No. 41 at 4 (emphasis added). Mr. Hinkley proceeds to present objections only with respect to those claims. The court thus concludes that Mr. Hinkley has failed to offer any "sufficiently specific" objection to Judge Bennett's recommendations that

3

the court dismiss Mr. Hinkley's Civil RICO and fraud-on-the-court claims and deny his requests for sanctions.

The court thus reviews these recommendations for plain error. And, based on its review of the report and recommendation and the docket, the court cannot say that these recommendations constitute such error.

**B.**

In his claim against the individual Defendants under 42 U.S.C. § 1983, Mr. Hinkley alleges that they "acted with deliberate indifference to [his] serious medical needs by denying water service for over six years despite knowledge of the resulting harm." Dkt. No. 16 at 5. And in his claim against the City of West Jordan under that statute, Mr. Hinkley alleges that the City "maintained a policy, custom, or practice of using code enforcement and utility shut-offs in a manner that caused the constitutional violations" by the individual Defendants. *Id.*

Judge Bennett recommends dismissing the claim against the individual Defendants because "[a]ll Defendants except the City are non-governmental entities." Dkt. No. 40 at 8. Judge Bennett also recommends dismissing the claim against the City of West Jordan because "Mr. Hinkley alleges no factual support for" his conclusory allegation that the City maintained a policy, custom, or practice of using "'code enforcement and utility shut-offs' for an improper purpose." *Id.*

In his objection, Mr. Hinkley fails to address either defect. Instead, he merely conclusorily asserts that

> [t]he amended Complaint alleges that Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Fourteenth Amendment, including through deliberate indifference to serious medical needs and state-created danger arising from the prolonged denial of water services (an essential public utility) and related code enforcement actions that culminated in eviction.

Dkt. No. 41 at 4. The court concludes that Mr. Hinkley thus fails to offer a "sufficiently specific" objection to Judge Bennett's recommended dismissal of his Section 1983 claims.

The court accordingly reviews Judge Bennett's recommendation that the court dismiss Mr. Hinkley's Section 1983 claims only for plain error. And, based on its review of the report and recommendation and the docket, the court cannot say that this recommendation constitutes such error.

## C.

Mr. Hinkley also brings a claim under Title II of the Americans with Disabilities Act, alleging that "[t]he prolonged denial of water service had a disparate impact on [him] because of his disability and constituted a failure to provide reasonable modifications in a public service." Dkt. No. 16 at 6. Judge Bennett recommends dismissing this claim because Mr. Hinkley "does not allege that any public entity denied him an accommodation on the basis of his disability or provide any other allegations that would state a claim under the ADA." Dkt. No. 40 at 12.

Mr. Hinkley objects, arguing that he "is a qualified individual with a disability," that "[w]ater service and access to the property are programs or activities of the public entity West Jordan City," that he "has been denied meaningful access to these programs because of his disability," and that Judge Bennett "erred by failing to credit these allegations under the applicable liberal pleading standards." Dkt. No. 41 at 4–5.

Mr. Hinkley fails to explain, however, how Judge Bennett's characterization of the allegations in his amended complaint is any way unfair or inaccurate. Instead, Mr. Hinkley attempts to introduce additional factual allegations through his objection. But "theories raised for

the first time in objections to the magistrate judge's report are deemed waived."[2] *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). And to the extent Mr. Hinkley argues generally that Judge Bennett erred by failing to credit the allegations in the complaint, the court concludes that this objection is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *2121 E. 30th St.*, 73 F.3d at 1060.

The court thus reviews Judge Bennett's recommendation that the court dismiss Mr. Hinkley's ADA claim only for plain error. Again, based on its review of the report and recommendation and the docket, the court cannot say that this recommendation constitutes plain error.

### III.

In his objection to the report and recommendation, Mr. Hinkley requests leave to amend his complaint a second time. *See* Dkt. No. 41 at 5. He argues that "[t]he new facts of actual eviction and current homelessness constitute changed circumstances that support amendment and demonstrate ongoing violations." *Id.*

Federal Rule of Civil Procedure 15(a)(1) allows a party to "amend its pleading once as a matter of course." Rule 15(a)(2) provides that, in all other cases, a party may amend "only with the opposing party's written consent or the court's leave." While "[t]he court should freely give leave when justice so requires," *id.,* the court "may deny leave to amend upon a showing of . . . futility of amendment . . . or where a plaintiff fails to file a written motion and instead merely suggests []he should be allowed to amend if the court concludes h[is] pleadings are

---

[2] The court does, however, consider these additional allegations—which also appear in Mr. Hinkley's proposed second amended complaint—in determining whether to grant Mr. Hinkley's request for leave to amend. *See infra* Part III.

infirm," *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (cleaned up). These

considerations compel denial of Mr. Hinkley's request.

As an initial matter, the court concludes that Mr. Hinkley's request for leave to amend is

procedurally improper because he "fail[ed] to file a written motion," *Warnick*, 895 F.3d at 755, in

accordance with this court's local rules, *see* DUCivR 7-1(a)(3). Instead, he "merely suggest[s]"

in his objection to Judge Bennett's report and recommendation that "[]he should be allowed to

amend if the court concludes h[is] pleadings are infirm." *Warnick*, 895 F.3d at 755 (cleaned up).

In all events, the court concludes that amendment would be futile. Mr. Hinkley includes a

proposed second amended complaint with his objection in which he would assert claims only

under Section 1983 and the ADA. *See* Dkt. No. 41-1 at 5–6. But in the proposed amended

complaint, Mr. Hinkley still fails to state any claim upon which relief can be granted. *See*

*Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

In the proposed Section 1983 claim, Mr. Hinkley no longer specifies whether he brings

this claim against the individual Defendants or the City of West Jordan. But either way, Mr.

Hinkley still fails to state a claim. As for the individual Defendants, Mr. Hinkley offers only the

formulaic legal conclusion that the "Defendants" were "acting under color of state law." Dkt. No.

41-1 at 6 ¶ 21. But this naked assertion is devoid of further factual enhancement: in his proposed

amended complaint, Mr. Hinkley still alleges no facts that could support a reasonable inference

that any of the individual Defendants were state actors. And, of course, "[t]he provisions of

§ 1983 only apply" to state actors. *Janny v. Gomez*, 8 F.4th 883, 918 (10th Cir. 2021).[3]

---

[3] Nor do Mr. Hinkley's extensive filings elsewhere in this case support a reasonable inference that any of the individual Defendants acted under color of state law.

As for the City of West Jordan, it is well settled that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"; rather, a plaintiff must allege a "policy or custom . . . that caused the plaintiff to suffer deprivation of . . . federal rights." *Thao v. Grady Cnty. Crim. Just. Auth.*, 159 F.4th 1214, 1227 (10th Cir. 2025). But in his proposed second amended complaint, Mr. Hinkley fails to make any such allegations—even in conclusory terms. *See* Dkt. No. 41-1 at 5–6.

In his proposed ADA claim, Mr. Hinkley alleges that he "is a permanently disabled individual with serious medical needs that require consistent access to running water and basic sanitation," that "West Jordan City . . . denied [him] water service" to his residence for more than six years "despite actual knowledge of [his] disability and medical condition," that an "eviction order was enforced against [him]" recently, that he "is now homeless," and that the "Defendants failed to provide [him] with reasonable modifications under the ADA, including restoration of water service and accommodation in the eviction process, despite [his] known disability." Dkt. No. 41-1 at 4–5 ¶¶ 12–13, 16, 19.

To state a claim under Title II of the ADA, a "plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citing 42 U.S.C. § 12132). In his proposed complaint, Mr. Hinkley fails plausibly to allege either the first or the third of these requirements.

First, although Mr. Hinkley conclusorily asserts that he is "a permanently disabled individual," he fails plausibly to allege any facts that could support a reasonable inference that he is a "qualified individual with a disability." A "disability within the meaning of the ADA is . . .

8

a physical or mental impairment that substantially limits one or more of the major life activities of an individual." *Id.* at 1193–94 (cleaned up). "Major life activities," in turn, "are functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *EEOC v. BNSF Railway Co.*, 853 F.3d 1150, 1156 (10th Cir. 2017) (cleaned up). In his proposed second amended complaint, Mr. Hinkley neither alleges what his disability is or how that purported disability substantially limits any of these major life activities.[4]

Second, Mr. Hinkley fails plausibly to allege that he was denied water service or housing "by reason of" any disability. The ADA requires "public entities to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." *Robertson*, 500 F.3d at 1195 (cleaned up). "Once a public entity has knowledge of an individual's disability, the entity must also have knowledge that an individual requires an accommodation"; and "a public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation." *Id.* at 1197–98.

In his proposed complaint, Mr. Hinkley offers only the naked legal assertion that "the Defendants failed to make reasonable modifications." Dkt. No. 41-1 at 6 ¶ 26. He does not allege that he requested an accommodation, identify the accommodation he requested, or explain why

---

[4] To be sure, in his first amended complaint, Mr. Hinkley alleges that "[a]s a direct result" of the water shutoff, he "has suffered documented medical harm, including recurrent cellulitis, chronic open wounds, deep vein thrombosis, pneumonia, and related complications requiring ongoing medical care." Dkt. No. 16 at 4. But these allegations do not appear in the proposed second amended complaint. And Mr. Hinkley nowhere alleges that any of these medical issues substantially limits any major life activity.

9

the requested accommodation was necessary to avoid discrimination on the basis of a disability. Nor does he allege that his disability is so severe that a need for an accommodation was obvious or explain why that accommodation was necessary to avoid discrimination.

For all these reasons, the court denies Mr. Hinkley's request for leave to amend.

**IV.**

Finally, Mr. Hinkley objects to Judge Bennett's order denying Mr. Hinkley's motion to appoint counsel. *See* Dkt. No. 46 at 6–7. The court concludes that Mr. Hinkley has not shown that Judge Bennett's order was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Mr. Hinkley does not argue that Judge Bennett applied the wrong legal standard and that the order denying the motion was thus contrary to law. *See Bill.com v. Cox*, 2025 WL 961491, at *3 (D. Utah Mar. 31, 2025). Instead, Mr. Hinkley argues only that the order was clearly erroneous because he is permanently disabled, suffers from serious medical conditions, and believes "[t]his case involves complex" issues. Dkt. No. 46 at 7. These conclusory assertions fall far short of showing that Judge Bennett clearly erred in concluding that "the merits of Mr. Hinkley's claims do not support the imposition of counsel" and that his claims are "not overly technical or complex." Dkt. No. 45 at 2; *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Certainly, Judge Bennett's conclusions do not "strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Bill.com*, 2025 WL 961491, at *3 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). To the contrary, the court agrees with them. The court accordingly overrules Mr. Hinkley's objection.

\*　　\*　　\*

For the foregoing reasons, the court overrules Docket Number 41, Plaintiff's Objections to Magistrate Judge's Report and Recommendation, and Docket Number 46, Objections to June 23, 2026 Order Denying Appointment of Counsel; adopts Docket Number 40, Report and Recommendation to Dismiss; and denies Mr. Hinkley's request for leave to amend. Mr. Hinkley's claims are accordingly **DISMISSED**. In the interests of justice, dismissal is **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 31st day of July, 2026.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

11